*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *RYISHISA MORRIS,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 08-68-P-H* |
| | ) | |
| *REGIS CORPORATION,* | ) | |
| | ) | |
| *Defendant* | ) | |

*RECOMMENDED DECISION ON DEFENDANT'S MOTION TO COMPEL*
*ARBITRATION*

The plaintiff, RyiSHisa Morris, brings this declaratory judgment action seeking a declaration that the arbitration agreement between her and the defendant, Regis Corporation, her former employer, is unenforceable. Complaint (Docket No. 1). The defendant now moves to compel arbitration under the agreement, in effect seeking judgment on the pleadings. I recommend that the court deny the motion.

### I.  Factual Background

The plaintiff worked for the defendant as a hair stylist beginning on July 24, 2007. Complaint ¶ 7. On July 25, 2007, the plaintiff was tendered a document, entitled Arbitration Agreement ("Agreement"), by an employee of the defendant on a take-it-or-leave-it basis. *Id*. ¶ 9. There was no negotiation over the terms of the Agreement. *Id*. The plaintiff signed the Agreement. *Id*. ¶ 8. On that same day, the plaintiff complained to the defendant's management about an unrelated practice she believed to be unlawfully discriminatory. *Id*. ¶ 10. She alleges that the defendant terminated her employment because of this complaint. *Id*. The plaintiff has

filed charges of racial discrimination and unlawful retaliation against the defendant with the Maine Human Rights Commission and the Equal Employment Opportunity Commission. *Id*. ¶ 6.

The Agreement provides, *inter alia*, that, in order to pursue her claims against the defendant, the plaintiff must commence an arbitration within one year of the date that her claims arose; that any award may not include punitive damages; that each party shall be responsible for its own attorney's or representative's fees and costs; that each party shall bear an equal share of the arbitrator's fees and the administrative fees of the arbitration unless the employee can show that such an allocation "would be likely to result in [her] incurring prohibitive costs;" and that the claim must be filed with the American Arbitration Association. *Id*. ¶¶ 12-15. The plaintiff cannot afford to pay half of the arbitrator's fee and half of the administrative fees of arbitration. *Id*. ¶ 16.

## II. Discussion

The Agreement contains the following relevant language:

> . . . I agree that all claims and disputes arising out of or relating to my employment relationship with the company or the termination of that relationship, including the making or interpretation of this Arbitration Agreement, and further including any such claim or dispute that may have arisen before the date of this agreement, shall be decided by binding arbitration . . . . I understand that this agreement to arbitrate is in lieu of the company's or my right to a court or jury trial.
> The matters subject to this Arbitration Agreement include, without limitation, all claims and disputes between the company and me arising out of federal, state or local statutes, ordinances or regulations, including but not limited to disputes under . . . Title VII of the Civil Rights Act, the Civil Rights Act of 1991, . . . and all other federal, state and local anti-discrimination laws and ordinances, each as may have been amended.

Arbitration Agreement (Exh. 2 to Complaint) (redacted) ¶¶ [1-2]. The defendant contends that, whether or not the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*., applies to this

agreement, the plaintiff is required by its terms to submit her employment discrimination and retaliation claims to binding arbitration.[1]  Defendant's Motion to Compel Arbitration ("Motion") (Docket No. 8) at 3.  The FAA indubitably establishes a federal policy favoring arbitration, *Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 147 (1st Cir. 1998), as does Maine's Uniform Arbitration Act, 14 M.R.S.A. § 5927, but the necessary analysis does not stop there.

The defendant contends that the relief sought by the complaint, a declaration that the Agreement is unenforceable, Complaint ¶ 1, "falls within the scope of the Arbitration Agreement," because "[t]he enforceability of the Arbitration Agreement relates to the 'making or interpretation' of that agreement, which the parties agreed should be decided by binding arbitration[,]" Motion at 5.  It then cites case law dealing with the question of arbitrability of specific disputes.  *Id.* at 6.  It equates this question with the question of whether an agreement to arbitrate is itself enforceable.  *Id.*

The plaintiff accepts this construct.  Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Arbitration ("Opposition") (Docket No. 12) at 2-3.  That is the view of the First Circuit as well.  *See Kristian v. Comcast Corp.*, 446 F.3d 25, 63 (1st Cir. 2006).  However, the plaintiff contends that the necessary "clear and unmistakable evidence" that the parties intended the arbitrator to decide whether an agreement is enforceable is absent from the Agreement at issue, so the court must determine that it is the proper decision-maker on this issue, citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  *Id.* at 3.  The plaintiff points to the following language in the final paragraph of the Agreement:

---

[1] Arbitration agreements in contracts "involving commerce" are subject to the FAA.  9 U.S.C. § 2.  "Commerce" means "commerce among the several States."  9 U.S.C. § 1.  The defendant suggests, almost in passing, Motion at 3, that, because it has denied the allegation in the complaint that the defendant's salons engage in business that "affects commerce," Complaint ¶ 4, the FAA does not apply to its motion.  The plaintiff points out, Opposition at 2, that the defendant has admitted that it owns and operates hair salons throughout the United States and has its principal place of business in Minnesota, Defendant's Amended Answer to Complaint ¶ 3, and that should be sufficient to establish the existence of interstate commerce.  I agree.  *See, e.g., Griffen v. Alpha Phi Alpha, Inc.*, 2007 WL 707364 (E.D.Pa. Mar. 2, 2007), at *3 & n.6.  Therefore, my analysis of this motion is based on the FAA.

> If . . . any provision of this Arbitration Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, I agree that this determination shall not affect the validity or enforceability of the remainder of the Agreement, and I authorize the court making such determination to edit the invalid or unenforceable provision to be valid and enforceable to the fullest extent permitted by governing law.

Agreement, ¶ [6]. This provision, the plaintiff asserts, shows that the parties intended that a court, not an arbitrator, determine whether any part of the Agreement is enforceable. Opposition at 4.

The defendant responds that "[i]t is unlikely that the reference to a court indicates the parties' intention that their disputes would be decided by a court, where the entire agreement makes clear their intent to arbitrate all disputes." Defendant's Reply Memorandum in Support of Motion to Compel Arbitration ("Reply") (Docket No. 14) at 4. That response misstates the plaintiff's position, which is *not* that the Agreement shows that the parties intended all of their disputes to be decided by a court, but rather only that the parties intended the question of enforceability to be decided by a court.

The defendant's response is also inconsistent with the case law cited by the plaintiff. In *First Options of Chicago*, *supra*, the Supreme Court held that "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." 514 U.S. at 944 (internal punctuation omitted). *See also Dumais v. American Golf Corp.*, 299 F.3d 1216, 1220 (10th Cir. 2002) (presumption of arbitrability falls away when parties dispute existence of valid arbitration agreement), and cases cited therein. "[A]ny silence or ambiguity about whether [the question whether the parties ever entered into an arbitration agreement] is arbitrable reverses the usual presumption that issues should be resolved in favor of arbitration." *Abram Landau Real Estate v. Benova*, 123 F.3d 69, 72 (2d Cir. 1997). "[A] gateway dispute about whether the parties are bound by a given arbitration clause raises a

4

question of arbitrability for a court to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (internal punctuation omitted). *Accord, Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 14-15 (1st Cir. 2005).

In the case at hand, the reference in the sixth paragraph of the Agreement to resolution of questions of enforceability by a court is inconsistent with the more general language of the first paragraph that all claims and disputes "including the making or interpretation of this Arbitration Agreement" will be submitted to arbitration. This ambiguity means that the Agreement does not provide the "clear and unmistakable" evidence of intent to arbitrate the enforceability of the agreement that would be necessary for this court to order the plaintiff to resort to arbitration of her claims without addressing that gateway dispute itself.

The defendant next argues that the savings clause, the sixth paragraph of the Agreement, makes clear that any provisions of the Agreement that are found to be unenforceable are to be removed from the Agreement, "and the dispute must proceed to arbitration under applicable law[,]" citing *Kristian.* Motion at 7-8. To the extent that I understand this argument,[2] a savings clause does not deprive a court of the power to invalidate an arbitration agreement that includes unenforceable provisions. For example, as the court noted in *Anders v. Hometown Mortgage Servs., Inc.*, 346 F.3d 1024, 1028-29 (11th Cir. 2003), the case cited by the defendant in its reply, Reply at 4-6, an entire arbitration agreement may be held to be unenforceable, if its provision for the payment of the costs of arbitration precludes the effective vindication of statutory rights in arbitration. Such matters are not at issue in connection with the defendant's instant motion to compel arbitration; if the court denies the motion, the plaintiff is merely given the opportunity to prove that the Agreement as a whole is unenforceable. She may well not succeed.

---

[2] The citation to *Kristian* is unenlightening. The defendant cites page 48 of the opinion. Motion at 8. I find nothing in the discussion of a savings clause on that page that is relevant to the determination of the question whether an arbitration agreement that includes such a clause is therefore enforceable.

Finally, the defendant contends that the Agreement's reference to the rules of the American Arbitration Association constitutes clear and unmistakable evidence that the parties intended the issue of enforceability to be decided by an arbitrator.  Motion at 6-7; Reply at 1-3. My observation concerning the ambiguity created by the reference to a court in the sixth paragraph of the Agreement applies here as well.  None of the case law cited on this point by the defendant includes a reference to, and certainly not a dismissal of, such language in the arbitration agreements there at issue.  *See Alliance Bernstein Investment Research & Mgt., Inc.*, 445 F.3d 121, 126 (2d Cir. 2006); *Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332-33 (11th Cir. 2005); *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005); *Apollo Computer, Inc. v. Berg*, 886 F.2d 469, 473 (1st Cir. 1989) (International Chamber of Commerce Rules).  In brief, the ambiguity means that this court must determine enforceability.  Accordingly, the motion to compel arbitration should be denied.

### III.  Conclusion

For the foregoing reasons, I recommend that the defendant's motion to compel arbitration be **DENIED**.  If the court adopts my recommendation, the defendant's request for a stay or dismissal, included in its motion to compel, will be moot.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.***

Dated this 25th day of July, 2008.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge