UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **RYISHISA MORRIS,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | CIVIL NO. 08-68-P-H |
| | ) | |
| **REGIS CORPORATION,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Upon *de novo* review, I **AFFIRM** the Magistrate Judge's Recommended Decision.

The plaintiff employee brought this lawsuit seeking a declaratory judgment that the arbitration agreement between her and her former employer is unenforceable. (Underlying the arbitration dispute are employee allegations of employment discrimination and retaliation claims.) The defendant employer moved to compel arbitration, arguing that enforceability of the arbitration provision is a decision for the arbitrator in the first instance. The plaintiff employee disagreed, and the Magistrate Judge ruled that "the ambiguity [in the Arbitration Agreement] means that this court must determine enforceability." The defendant employer then objected, asserting that, given this ruling, the Magistrate Judge should have gone farther and actually determined the enforceability of the

arbitration agreement.[1] But that was not part of the motion the Magistrate Judge confronted, and he properly limited his recommended decision to the scope of the motion. He also observed: "if the court denies the motion [as the Magistrate Judge recommended], the plaintiff is merely given the opportunity to prove that the Agreement as a whole is unenforceable. She may well not succeed."

Accordingly, that is where the controversy now stands: the court will determine enforceability. It seems that the parties disagree over whether there is discovery that is pertinent to that controversy, and the Magistrate Judge will need to resolve that disagreement and provide a Scheduling Order for disposition of the remainder of the case.

The defendant's motion to compel arbitration is therefore **DENIED**.

**SO ORDERED.**

**DATED THIS 2ND DAY OF SEPTEMBER, 2008**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The defendant also objected to the Magistrate Judge's conclusion that the Federal Arbitration Act governs, but said that It is not necessary to decide this issue at this time."

2